UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS KARANT,<br><br>    Plaintiff,<br><br>    v.<br><br>LARRY HSU, et al.,<br><br>    Defendants. | Case No. 14-cv-04313-HSG<br><br>**ORDER GRANTING NOMINAL DEFENDANT'S MOTION TO DISMISS AND DENYING AS MOOT INDIVIDUAL DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 25, 26 |

Plaintiff Nicholas Karant brings this shareholder derivative action against Defendants Larry Hsu, Arthur A. Koch, Bryan M. Reasons, Robert L. Burr, Leslie Z. Benet, Allen Chao, Nigel Ten Fleming, Michael Markbreiter, and Peter R. Terreri (collectively, the "Individual Defendants"), and against nominal Defendant Impax Laboratories, Inc. ("Impax"). Pending before the Court are 1) Individual Defendants' motion to strike portions of the complaint; 2) Individual Defendants' motion to dismiss the complaint; and 3) Impax's motion to dismiss the complaint. For the reasons stated below, the Court GRANTS Impax's motion to dismiss and DENIES the remaining motions as moot.

**I.  BACKGROUND**

Defendant Impax is a pharmaceutical company that "develops, manufactures, and markets bio-equivalent pharmaceutical products." Verified Shareholder Derivative Complaint ("Complt.") ¶ 2. Impax maintains a manufacturing facility in Hayward, California. *Id* ¶ 3. All of Plaintiff's claims arise from Impax's response to various FDA notices and warnings regarding problems with the manufacturing and quality control processes at the Hayward manufacturing facility. In a nutshell, Plaintiffs allege that Defendants failed to disclose the true nature of the problems present in the facility and misrepresented the scope, nature, and efficacy of the remediation efforts made

in response to the FDA warnings.

### A. Plaintiff's Demand

On March 13, 2013, Plaintiff sent a demand letter to the Impax Board of Directors. *Id.* ¶ 12. Specifically, Plaintiff demanded "that the Board: (i) undertake (or cause to be undertaken) an independent internal investigation into Management's violations of Delaware law and/or federal law; and (ii) commence a civil action against each member of Management to recover for the benefit of the Company the amount of damages sustained by the Company as a result of their breaches of fiduciary duties alleged herein." *Id.* Ex. A.

On April 1, 2013, in its written response to the Demand, Impax's counsel requested that Plaintiff provide "documentation of [his] ownership of Impax stock." *Id.* Ex. B. On April 30, 2013, Plaintiff provided documentation that he owned 2,000 shares of Impax as of April 26, 2013. *Id.* Ex. C. On June 5, 2013, Impax's counsel again wrote Plaintiff to request that Plaintiff supplement his documentation with information regarding "when [Plaintiff] purchased his 2,000 shares of Impax so that we may ascertain whether [Plaintiff] was an Impax shareholder at the time of the alleged wrongdoing." *Id.*

Plaintiff does not allege that he ever sent any additional stock ownership information in response to Impax's June 5 request. However, in his complaint, Plaintiff alleges that he has owned shares of Impax since 2006. *Id.* ¶ 24.

### B. This Litigation

Concluding that the Board had "functional[ly] refus[ed]" his Demand, Plaintiff filed this shareholder derivative action on September 24, 2014. *Id.* ¶ 18. In his complaint, Plaintiff claims that Defendants breached their fiduciary duties of care, loyalty, and good faith by 1) causing Impax to make false and misleading material statements; 2) willfully ignoring the pervasive problems with Impax's internal controls and practices and failing to correct those problems; 2) unjustly enriching themselves at Impax's expense; 4) abusing their positions of authority by allowing Impax to misrepresent material facts to shareholders; and 5) grossly mismanaging Impax.

2

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. On a motion to dismiss, the court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But the plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Federal Rule of Civil Procedure 23.1 governs derivative actions to "enforce a right of a corporation" when the corporation itself has failed to enforce a right that could properly be asserted in court. *Sax v. World Wide Press, Inc.*, 809 F.2d 610, 613 (9th Cir. 1987). "Because a derivative suit is premised on the idea that the cause of action belongs to the corporation, any shareholder must make a demand on the board (or allege that such demand would have been futile) before filing suit." *Wang v. Page*, No. 12-cv-1785-PJH, 2012 WL 3278717, at *1 (N.D. Cal. Aug. 10, 2012). Rule 23.1's requirement that an individual seeking to sue derivatively be "a shareholder or member at the time of the transaction being complained of" also applies when that individual makes his demand on a board. *Potter v. Hughes*, 546 F.3d 1051, 1056 (9th Cir. 2008); *Wang*, 2012 WL 3278717, at *2; *Richelson v. Yost*, 738 F. Supp. 2d 589, 598-99 (E.D. Pa. 2010) (citing *Potter*).

### B. Impax's Motion to Dismiss

Impax argues that Plaintiff's Demand was defective because Plaintiff did not provide any documentation regarding the timing of his purchase of Impax stock to demonstrate that Plaintiff

1  was a shareholder at the time of the alleged wrongdoing, even after Impax specifically requested
2  that information. Plaintiff does not dispute this point, but argues that he was not required to
3  produce such documentation with his Demand.

4      The same concerns animating the *Potter*, *Wang*, and *Richelson* courts' dismissal of
5  complaints based on inadequate demand are present here. The Impax Board was "justified in
6  seeking information as to [P]laintiff's stock holdings before providing a substantive response" to
7  his Demand because such information goes directly to Plaintiff's ability to bring a shareholder
8  derivative action. *Wang*, 2012 WL 3278717, at *2. Plaintiff was obligated to confirm his
9  ownership of Impax shares during the time of the alleged wrongdoing; the Board "should not be
10 expected or forced to investigate allegations from one who is neither (1) entitled to make the
11 demand; nor (2) file a derivative suit." *Richelson*, 738 F. Supp. 2d at 599. Indeed, the "Board was
12 entitled to receive a valid demand and was not required to piece together by inference the disparate
13 events that, if taken together, might have been sufficient to require corporate action." *Potter*, 546
14 F.3d at 1058.

15     Plaintiff attempts to distinguish this case from *Potter*, *Wang*, and *Richelson* by arguing that
16 the information sought in those cases—information regarding the shareholder's identity and
17 *current* ownership of stock—was provided here. While this appears to be true, Plaintiff's refusal
18 to provide information regarding his ownership of Impax stock during the time of the alleged
19 wrongdoing raises the same concerns about the Board's ability to determine whether Plaintiff
20 could properly file a derivative suit. Without such information, the Board cannot make an
21 informed decision regarding how the Demand should be acted upon.

22     The Court finds that Plaintiff's failure to provide information regarding the timing of his
23 ownership of Impax stock in response to Impax's specific request for that information renders the
24 Demand defective. Accordingly, the Court dismisses the complaint without prejudice. However,
25 because Plaintiff alleges in his complaint that he has owned shares of Impax since 2006, *see*
26 Complt. ¶ 24, Impax now has the information it requested in its June 5, 2013 letter. As a result,
27 Plaintiff's Demand is complete, and Impax is obligated to investigate that Demand to decide how,
28 if at all, to address the alleged wrongdoing. The Court directs Impax to respond to Plaintiff's

Demand within two months of the date of this Order. *See Wang*, 2012 WL 3278717, at *2. If Impax does not respond to the Demand, or if Plaintiff believes that Impax's response is legally inadequate, Plaintiff may re-file a shareholder derivative lawsuit.

### III.  CONCLUSION

For the foregoing reasons, Impax's motion to dismiss Plaintiff's complaint is GRANTED without prejudice. Individual Defendants' motion to dismiss and motion to strike are DENIED AS MOOT. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 25, 2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge